Argued September 8, affirmed September 15, 1914.

# CLEARWATER v. FORREST.*

(143 Pac. 998.)

**Fraud—Action—Question for Jury.**

1. In an action for deceit in representing that a horse sold plaintiff was sound and did not have the heaves, evidence *held* to present question for the jury whether defendant made the alleged representations.

[As to actions to recover for false representations, see note in 18 Am. St. Rep. 555.]

**Sales—Validity of Contract—Fraud.**

2. Though, if an animal has any latent defect or unsoundness affecting his usefulness or salability, the seller should make it known, and for his failure to do so he will be liable in damages, yet a mere honest expression of opinion, though the seller be mistaken, is not such a constructive fraud as will avoid sale.

[As to effect of fraudulent concealment by vendor, see note in 15 Am. Dec. 106.]

**Fraud—Actions—Instructions.**

3. In an action for fraud in representing that a horse sold to plaintiff was sound, an instruction that it is not necessary to show that defendant intended to deceive plaintiff, nor is plaintiff required to show that defendant knew the representations to be false, but that plaintiff might rely on the representations made, is faulty in assuming that representations were made, in failing to distinguish between a mere expression of opinion and false representation, and in failing to state that plaintiff must have believed the representation and acted upon it.

[As to what defects constitute breaches of warranty of soundness, see note in 53 Am. Dec. 173.]

**Fraud—Actions—Instructions.**

4. In an action for fraud in representing that a horse sold plaintiff was sound, an instruction that if the horse was diseased, and defendant stated to plaintiff that it was sound or was all right, the jury should find for plaintiff, was properly refused, as ignoring the principle that the buyer must have acted on the representations.

[As to what constitutes warranty, see note in 94 Am. St. Rep. 209.]

**Trial—Instructions—Application to Pleading.**

5. In an action for fraud in representing that a horse was sound, where it was not pleaded that the unsound condition of the horse was concealed, an instruction that if the animal had any latent disease or defect unknown to the plaintiff, but known to defendant, it was defendant's duty to disclose its existence, was properly refused.

*On the question whether statement made without knowledge of falsity is ground for action for fraud, see note in 18 L. R. A. (N. S.) 379.                                                    REPORTER.

From Marion: PERCY R. KELLY, Judge.

Department 2.   Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by J. C. Clearwater against Clarence Forrest, and was originally brought in justice's court to recover damages for alleged false representations as to the soundness of a horse sold or traded by defendant to plaintiff.   The complaint alleged:

"That in order to induce plaintiff to purchase said horse, defendant did, at the time, knowingly and falsely represent to said plaintiff that said horse was sound in every way, and especially that the said horse did not have the heaves. * * That, relying on said representations of defendant, plaintiff was induced to purchase said horse. * * That the said horse has the heaves, and did have the heaves at the time plaintiff purchased said horse. * * That defendant knew said horse had the heaves, or represented said horse sound with reckless disregard as to whether he was sound or not. * * That by reason of the unsound condition of said horse plaintiff has suffered damage to the amount of $50."

These allegations of the complaint were denied, and upon trial in justice's court there was a verdict for defendant, and thereafter, upon trial of the case on appeal to the Circuit Court, there was also a verdict and judgment for defendant, from which plaintiff appeals.                                   AFFIRMED.

For appellants there was a brief over the name of *Messrs. McInturff & McInturff*, with an oral argument by *Mr. Herman F. McInturff*.

For respondent there was a brief and an oral argument by *Mr. Walter C. Winslow*.

Opinion by Mr. Chief Justice McBride.

1. This appeal presents two questions: (1) Whether the court erred in refusing plaintiff's motion to direct a verdict in his favor; and (2) whether the court erred in refusing to give certain instructions requested by plaintiff, and hereinafter to be considered. Before discussing the first proposition, it will be necessary to analyze the pleadings to ascertain exactly the issue therein presented. As will be seen, the complaint presented a plain charge of deceit, consisting of alleged affirmative false representations that the horse was sound and did not have the heaves. There is no allegation of fraudulent concealment of a latent defect, so that the whole issue turns upon whether the defendant made the affirmative representations charged in the complaint and whether those representations were false. The plaintiff testifies that he asked defendant whether the horse had the heaves, and was answered that he had not. The defendant and his wife testify, in substance, that when the question was asked defendant replied, "I don't know; I don't think so." Both these witnesses testify positively that they did not know that the animal had the heaves, and several neighbors familiar with the horse, including the blacksmith, who habitually shod him, testify that they never detected any symptom of such disorder. The evidence of veterinary surgeons and others indicates strongly that the animal had the disease, and to such an extent that one familiar with horses would probably have detected it; but this was a matter exclusively for the jury, and they had a right to accept and act upon defendant's statement that he did not detect it, if it existed, and did not believe that the animal was so affected, but supposed that such infirmity or unsound-

ness as it might have existed was the result of an attack of distemper.

2. It is undoubted law, as shown by the decisions collated in appellant's brief, that if an animal has any latent defect or unsoundness affecting his usefulness or salability, it is the duty of the seller to make known such defect, and that for his failure to do so he will be liable in damages for such fraudulent concealment: 35 Cyc. 69, 70; *Walters v. Morgan,* 3 De Gex, F. & J. 713. But a mere honest expression of opinion, although the seller may be mistaken, is not such a constructive fraud as will avoid a sale: 35 Cyc., *supra; Coddington* v. *Goddard,* 16 Gray (Mass.), 436. Whatever opinion the members of this body might have as to the good faith of defendant's reply to plaintiff's question as to whether the animal had the heaves, it was the privilege of the jury to assume that it was an honest expression of his opinion. Following that often quoted provision of the Constitution which prohibits us from interfering with the verdict of a jury where there is any evidence to support it, we are not at liberty to substitute our own judgment for theirs, upon a question of fact.

3. Counsel for plaintiff asked for the following instruction, which was refused:

"It is not necessary to show that Mr. Forrest at the time intended to cheat or deceive Mr. Clearwater in the sale, nor is Mr. Clearwater required to show that Mr. Forrest at the time knew the representation to be false; but he has a right to rely upon the representations or affirmations so made."

This request was faulty, in that it assumes that representations were made, and does not distinguish between a mere expression of opinion and a false representation, and for that reason might tend to mislead a

jury. It also leaves out the important factor in every action for deceit, namely, that the plaintiff must have believed the representation and acted upon that belief.

4. Another instruction requested and refused reads as follows:

"You are instructed that if you find from the evidence that the horse sold to Mr. Clearwater was diseased, that is to say, if he was wind-broken, or had what is commonly called the 'heaves' or 'thumps,' at the time Mr. Clearwater purchased him, and that Mr. Forrest stated to Mr. Clearwater that the horse was sound, or that the horse was all right, you will find for the plaintiff."

This instruction is subject to the same criticism as that above mentioned. It entirely ignores the principle that in actions for deceit the buyer must have relied and acted upon the alleged false representation.

5. A further instruction is to the effect that if the animal had any latent disease or defect unknown to the plaintiff, but known to the defendant, it was the duty of defendant to have disclosed the existence of such disease or defect to plaintiff. As before observed, this construction presents a case entirely outside the pleadings, and was properly refused for that reason. "Where plaintiff alleges that false representations were made in respect to the existence of material facts, he cannot recover upon proof of fraudulent concealment of other facts which ought to have been disclosed": 20 Cyc. 106.

Finding no substantial error, the judgment is affirmed. AFFIRMED.

MR. JUSTICE EAKIN, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.